[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12285
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80280-DMM

GABRIEL LAMAR OLIVER,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 13, 2020)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Gabriel Oliver, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 28 U.S.C § 2254 petition as untimely after the court took judicial notice of dates derived from state-court records of Oliver's criminal and post-conviction proceedings.  Oliver argues that his petition is not time-barred and that the district court should have addressed the merits of his habeas petition.

We review for an abuse of discretion a district court's decision to take judicial notice of a fact.  *Paez v. Sec'y, Fla. Dep't of Corr.*, No. 16-15705, ___ F.3d ___, 2020 WL 63290, at *2 (11th Cir. Jan. 7, 2020).  We likewise review for an abuse of discretion the district court's decision to *sua sponte* raise a statute-of-limitations defense.  *Id.* at *2.

We first consider whether the district court abused its discretion by taking judicial notice of Oliver's state-court records.  Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  "State court records of an inmate's postconviction proceedings generally satisfy this standard."  *Paez*, 2020 WL 63290, at *2.

In *Paez*, a magistrate judge took judicial notice of dates from a § 2254 petitioner's state-court online docket records in recommending the *sua sponte*

2

dismissal of the § 2254 petition, and the district court adopted that recommendation. *Id.* at *1–2. On appeal, we determined that the dates from the state-court online dockets were judicially noticeable facts under Rule 201. *Id.* at *2–3. While we cautioned that "proper safeguards" should be followed when taking judicial notice, we concluded that such safeguards were followed in that case because the petitioner had an opportunity to object to the magistrate judge's report and recommendation, and he did not ask to be heard, did not dispute the accuracy of the docket entries, and gave no indication that he lacked the ability to dispute the docket sheets due to a lack of access. *Id.* at *3. We therefore held that the district court properly noticed the state-court docket sheets. *Id.*

The district court here likewise properly took judicial notice of dates from the state-court online docket sheets and other state-court records. As in *Paez*, the dates "constitute judicially noticeable facts under Rule 201," and the court followed proper safeguards in taking judicial notice. *Id.* at *2–3. The magistrate judge made the documents part of the record, and Oliver never alleged that he did not receive them. Oliver also had the opportunity to object to the magistrate judge's report and recommendation, but he did not make any specific objections, dispute the accuracy of the dates that the magistrate judge used, or otherwise ask to be heard on the issue. Accordingly, the district court did not abuse its discretion by taking judicial notice of the state-court records. *See id.* at *3.

3

Next, we address whether the district court abused its discretion by dismissing *sua sponte* Oliver's § 2254 petition as untimely without ordering the State to respond. Rule 4 of the Rules Governing Section 2254 Proceedings "requires district courts to dismiss § 2254 petitions without ordering the State to respond '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'" *Id.* at *3 (quoting Rules Governing § 2254 Cases, Rule 4).

We recently held in *Paez* that district courts are authorized to *sua sponte* dismiss a § 2254 petition if the petition's untimeliness is apparent from the face of the petition itself. *See id.* at *4–5. We explained that the text of Rule 4 did not restrict summary dismissal to merits-based deficiencies. *Id.* at *4. Thus, procedural bars, like untimeliness, could lead a district court to conclude that the petitioner is plainly "not entitled to relief." *Id.* In support of that plain-text reading, we also cited the Advisory Committee Notes to Rule 4, relevant Supreme Court precedent, and caselaw from our sister Circuits. *See id.* at *4–5. We indicated, however, that *sua sponte* dismissal for untimeliness may be authorized only if the petitioner has "notice and opportunity to explain why his petition was timely." *Id.* at *5.

Based on this construction of Rule 4, we concluded that the district court in that case did not abuse its discretion by summarily dismissing a § 2254 petition for untimeliness. *Id.* We explained that the petitioner had ample notice and opportunity to explain why his petition was timely in the form petition and again when he had

4

an opportunity to respond to the magistrate judge's recommendation that his petition be summarily dismissed as untimely. *Id.* We also noted that the state was notified of the court's action and had an opportunity to inform the court of its intent to waive the timeliness defense. *Id.* Because the state remained silent and the untimeliness of the petition was uncontested, we concluded that *sua sponte* dismissal was not an abuse of discretion. *Id.*

Here, the district court did not abuse its discretion when it dismissed Oliver's § 2254 petition as untimely without ordering the state to respond. Like the petitioner in *Paez*, Oliver had ample notice and opportunity in the form petition and again when he had an opportunity to respond to the magistrate judge's recommendation that his petition be summarily dismissed as untimely, to explain why his petition was timely. *See id.* In addition, the state was notified of the court's action and did not indicate an intent to waive the timeliness defense. *See id.*

Unlike the petitioner in *Paez*, Oliver contests the untimeliness of his petition. Specifically, Oliver contends that his petition was timely because he was resentenced in August 2013, when a state court removed his prison-releasee-reoffender ("PRR") designation. But even assuming that Oliver's time to file his § 2254 petition restarted in August 2013, the record still plainly shows he is not entitled to relief.

Under 28 U.S.C. § 2244, a state prisoner must file his or her § 2254 petition within one year of, among other trigger dates not relevant here, "the date on which

5

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). That limitations period does not run—is "tolled," in other words—during times when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

As the magistrate judge explained, Oliver's state records show that more than one year passed between the date his original criminal judgment became final, December 20, 2006, and the date he filed his initial motion for postconviction relief in state court, May 1, 2008. So the one-year federal statute of limitations had expired before Oliver filed his first motion for postconviction relief. Several years later, on August 12, 2013, a state court removed his PRR designation. Then, Oliver filed a state-court motion for postconviction relief on July 24, 2014, which was finally resolved on February 26, 2016, and a state-court motion to correct illegal sentence on November 21, 2016, which was finally resolved on January 24, 2018.

Oliver claims that a "new 2 year[] clock" started when the state court removed his PRR designation in August 2013. But as the magistrate judge observed, the two-year period Oliver cites applies to postconviction motions under Rule 3.850, Fla. R. Crim. P. But a one-year period applies to his § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). And the magistrate judge calculated that, even assuming that the removal of Oliver's PRR designation restarted the one-year federal limitations

6

period and that Oliver's later state-court motions tolled the limitations period, Oliver's § 2254 petition was still untimely because 382 days elapsed untolled between the 2013 resentencing and the filing of his current § 2254 petition. Oliver does not dispute the magistrate judge's calculations, and we cannot see any error in the magistrate judge's analysis. Nor can we say that the magistrate judge erred in finding that Oliver did not establish entitlement to equitable tolling, which he does not address on appeal.

Accordingly, Oliver's § 2254 petition and the state-court records of which the district court properly took judicial notice plainly established that Oliver was not entitled to relief under § 2254 because his petition was untimely. *See Paez*, 2020 WL 63290, at *5. Because Oliver had notice and an opportunity to contest whether his petition was timely, the court was authorized to *sua sponte* dismiss his § 2254 petition. *See id.*

**AFFIRMED.**